**Law Office of Arthur Ungerman**
Arthur I. Ungerman
State Bar No. 20391000
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
Telephone: (972) 239-9055
Facsimile: (972) 239-9886

**Law Office of Joyce W. Lindauer**
Joyce W. Lindauer
State Bar No. 21555700
Attorneys at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DHILLON HOSPITALITY, LLC,** | § | CASE NO. 13-40845-btr |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | HEARING DATE: To be Set |
| | § | HEARING TIME: To be Set |

**DEBTOR'S EMERGENCY MOTION PURSUANT TO SECTIONS 105(A) and 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR ENTRY OF ORDER APPROVING SALE OF DEBTOR'S ASSETS**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE**

Case 13-40845    Doc 178    Filed 05/09/14    Entered 05/09/14 17:45:25    Desc Main
              Document      Page 2 of 9

**STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

**TO THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT:**

Dhillon Hospitality, LLC ("**Debtor**"), Debtor herein, hereby files his *Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004 for Entry of Order Approving Sale of Debtor's Assets* (the "**Motion**"). In support of the Motion, the Debtor states as follows:

###    I.    PROCEDURAL BACKGROUND

1. On April 1, 2013, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is now operating its business and managing its property as debtor in possession pursuant to §1107 (a) and § 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of the Chapter 11 case and the Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

###    II    FACTUAL BACKGROUND

4. Debtor owns and operates a hotel doing business as a Holiday Inn Express located at 2407 Phillips Drive, Jonesboro, Arkansas 72401.

5. The Debtor has filed its Fourth Amended Plan of Reorganization Dated April 25, 2014 (Docket No 165) and its Third Amended Disclosure Statement Dated April 25, 2014 (Docket No 164). The Disclosure Statement hearing has been set for 9:30 a.m. on June 9, 2014.

The Bank of The West ("Bank") and the United States Small Business Administration ("SBA") jointly filed a Motion For Relief From the Automatic Stay Against the Debtor ("The Stay Motion") on March 31, 2014. The Debtor filed its Response in Opposition to the Stay Motion on April 10, 2014. The Stay Motion has been set on May 15, 2014 at 9:30 a.m.

6.  In an effort to resolve the pending matters before the Court the Debtor is now prepared to move forward with an offer to purchase the Property in an amount which is believed to satisfy all lien obligations as agreed to by the secured lenders. The SBA has agreed to accept an amount less than its current debt as part of this sale and to release its lien against the Property for a payment of $450,000 with an additional $100,000 paid by the principals of the Debtor.

7.  The Offer represents the highest and best offer received for the Property to date. As noted, it will allow for the satisfaction of all liens on the Property. Consequently, the Debtor has elected to accept the Offer, subject to the verification that all liens will be considered satisfied, subject to the drafting and execution of appropriate documentation, and the approval of this Court.

8.  The Letter of Intent/Purchase and Sale Agreement (the "**Agreement**") will be uploaded separately. The salient terms of the Agreement include the following:

> Sale "As Is" and Free and Clear. The Property is to be sold by the Debtor to JBHIE Hospitality, LLC (the "**Buyer**") on an "as is" basis, without representation or warranty, and free and clear of all liens, claims, encumbrances, and interests pursuant to §363(f) of the Bankruptcy Code. Notwithstanding anything to the contrary herein or in the APA, that certain Holiday Inn Express® Hotel Change of Ownership License Agreement dated April 10, 2006 (as may have been amended, the "License Agreement"), between HHF, as franchisor, and Debtor, as franchisee, and any and all ancillary agreements between HHF and/or Six Continents Hotels, Inc. ("SCH"), on the one hand, and the Debtor, on the other hand, shall be rejected and terminated as of 12:01 am on the Closing Date. Subject to the Debtor and Buyer fulfilling all terms and conditions of the franchisor for the execution of a new license agreement, and provided that the Buyer is an entity owned 25% by Roger Pate and 75% by Paramjikt Kaur, then it is anticipated that the hotel shall be operated as a Holiday Inn Express® Hotel after the closing date pursuant to that certain Holiday Inn Express® Hotel Change of Ownership License Agreement dated July 10, 2013 (as same may have been amended, "New License Agreement").

- ➔ Purchase Price.  Buyer is to pay a total of  $3,080,788.54.

- ➔ Distribution to Satisfy Liens.  The proceeds from the purchase shall be used first to satisfy the liens on the Property, which are believed to total approximately $2,981,770.54.

- ➔ Closing.  Closing is expected to occur within one week of the approval of this Motion by the Court.

### III.  REQUEST FOR RELIEF

9.  Pursuant to §§105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtor hereby requests entry of an order approving his sale of the Property to the Buyer (*i.e.*, JBHIE Hospitality, LLC (" JBHIE")  under the terms of the Agreement, free and clear of all liens, claims, encumbrances, and other interests.

### A.  Standards Applicable to Approval of Sale

10.  Section 363 of the Bankruptcy Code sets out the procedure applicable to a debtor in possession's use or sale of property of the estate outside the ordinary course of business.  It provides in pertinent part:

> The [debtor in possession], after notice and a hearing, may use [or] sell . . ., other than in the ordinary course of business, property of the estate. . .[1]

11.  While §363 sets out the process for obtaining approval for the use or sale of property of the estate, no standards for such approval are set out in that section.  Hence, borrowing from applicable standards of care outside the bankruptcy context, courts have generally deferred to the

---

[1] 11 U.S.C. §363(b)(1); Fed. R. Bankr. P. 6004.

debtor's judgment, provided the debtor articulates some business justification for the proposed transaction.[2]

12.  Factors that a court may consider in assessing whether sufficient business justification has been presented as to the sale of estate assets are: (a) whether a sound business reason exists for the proposed sale (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed in good faith; and (d) whether accurate and reasonable notice is provided.[3]

13.  Section 105 compliments Sections 363 in providing that the "court may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[4] As explained by one of the leading commentators on bankruptcy law:

> [Section 105 is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of §105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction . . . .[5]

14.  Finally, in order to sell assets of the estate free and clear of all liens, claims, encumbrances and other interests, Section 363 imposes the following additional requirement:

> The [debtor in possession] may sell property under subsection (b) . . . of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;

---

[2] *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d. 1223, 1226 (5th Cir. 1986) ("That is, for the . . . trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business"); *see also Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2nd Cir. 1983) ("The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."

[3] *See, e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Condere Corp.*, 228 B.R. 615, 626 (Bankr. S.D. Miss. 1998); *In re Stroud Ford, Inc.*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993).

[4] 11 U.S.C. §105(a).

[5] 2 Collier on Bankruptcy, sec. 105.01, at 105-3 (1996).

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.[6]

Satisfaction of any one of the above five conditions is all that is required under Section 363(f).[7]

## B. Sound Business Reasons Exist for Approval of the Sale

15. The Debtor has exercised sound business judgment in agreeing to the sale under the terms of the Agreement. Such judgment is demonstrated under the following factors:

### Sound Business Reasons Exist for the Transaction

16. First, sound business reasons exist for approval of the sale. In this regard, the JBHIE offer represents the highest and best offer received by the Debtor for the Property.

17. Additionally, consummation of the sale will enable all liens to be satisfied and obtain funds to pay its arrearage payments and attorneys' fees to Holiday Hospitality Franchising, LLC ("HHF"). It will also be able to pay its costs of administration claims, priority claims and small vendor unsecured claims in full. The principals of the Debtor are contributing the funds to pay the additional $100,000 to the SBA and to pay $91,480.21 for the priority claims and small vendor unsecured claims in full.

### The Consideration Proposed is Fair and Reasonable

18. Second, with respect to the proposed consideration, as indicated above, the terms of the sale exceed any other offers for a sale of the Property to date.

### The Transaction is the Product of Good Faith Negotiations

---

[6] 11 U.S.C. §363(f); *see also In re P.K.R. Convalescent Centers, Inc.*, 189 B.R. 90, 94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens . . . Section 363(f) addresses sales free and clear of *any interest*").

[7] *See Newport Acquisition Co. No. 1 L.L.C. v. Crossroads Capital Partners, LLC (In re C-Power Prods. Inc.)*, 230 B.R. 800, 803 (Bankr. N.D. Tex. 1998)

19. Next, the sale is the product of good faith negotiations between the Debtor and JBHIE. JBHIE is an entity comprised on the same owners as the Debtor entity. However, the principals are additionally paying administration claims, priority claims and small vendor unsecured claims in full out of their own pockets in order to show that the sale is in good faith. Additionally by keeping the exact same ownership the Debtor does not run afoul of the requirements of HHF and the Debtor does not run the risk of losing its franchise which remains critical to its ongoing operations.

**Accurate and Reasonable Notice Is Provided**

20. Finally, accurate and reasonable notice of the proposed sale and the relief requested herein is being provided to all necessary parties-in-interest contemporaneously with the filing of this Motion.

**C. Sale of the Property Free and Clear Complies with Section 363(f)**

21. Finally, the Debtor's request to sell the Property free and clear of all liens, claims, encumbrances, and interests comports with the requirements of Section 363(f) of the Bankruptcy Code.[8]

22. In this regard, the Purchase Price to be received by Debtor for the Property is expected to be greater than the aggregate value of the amount of the liens on the Property, thereby satisfying subsection (f)(3) of Section 363, and the Debtor proposes that such liens on the Property reattach to the proceeds from the sale in the same order and priority as they currently exist in the Property and that such lien claims will be paid in full at the closing to occur following approval of this Motion to Sell.

## IV. CONCLUSION

---

[8] *See* 11 U.S.C. §363(f).

23. For all the foregoing reasons, Debtor submits that it has established good and sufficient cause for the Court's approval of the sale of the Property to the Buyer free and clear of all liens, claims, encumbrances and other interests.  Accordingly, the Debtor hereby requests entry of an order approving the sale of the Property to Buyer under the terms of the Agreement.

**WHEREFORE**, Debtor respectfully requests that the Court:  (1) approve the sale of the property to JBHIE under the terms and conditions outlined in the Agreement, free and clear of all liens, claims, encumbrances, and other interests; (2) Authorize the Debtor to take any and all action as appropriate or deemed necessary to consummate the sale; and (3) Find that the JBHIE is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code; and (4) Provide such other and further relief to which the Debtor may show itself justly entitled.

**DATED this 9ʰ day of May, 2014.**

Respectfully submitted,

 */s/ Arthur Ungerman*
Arthur Ungerman
**Law Office of Arthur Ungerman**
Arthur I. Ungerman
State Bar No. 20391000

**Law Office of Joyce W. Lindauer**
Joyce W. Lindauer
State Bar No. 21555700
Attorneys at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231 Dallas, Texas 75231
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2014, a true and correct copy of the foregoing was served via U.S. Mail or via the court's ECF system to the parties and creditors of the Debtor pursuant to the master mailing matrix attached.

      /s/ Arthur Ungerman
      Arthur Ungerman